Taliaferro, J.
Marie M. Costa, as administratrix of the succession of her deceased husband, brings this suit against defendants, Whitehead and Carroll, for the sum of $379 12, with interest, from 30th of September, 1857.
She alleges this indebtedness to have arisen in this manner: That said succession owns a lot of ground situated on the west side of Fulton *342 street, between Lafayette and Poydras streets, running through to Nev Levee street, on which lot of ground there is a brick building, alsc belonging to her. That defendants, being proprietors of a lot of ground adjoining the one referred to as belonging to the said succession, have erected on their premises a certain building, in the structure and support whereof they have appropriated and made use of the wall of plaintiff’i building.
She, claims the aforesaid sum as the valué of one-half the cost to hei of the erection of the wall, the benefit of which the defendants- haive availed themselves of in the structure of their edifice.
The defendants called in warranty their vendor, John Corlis. Tin answers of defendants and their warrantor are general denials. The answer of Corlis admits the erection of a building by him as charged bj plaintiff, but specially denies, that in the structure thereof, he appropriated the wall or derived any benefit from it whatever. •
The plaintiff had judgment for the amount claimed, ánd the warranto: appealed.
The Art. 672 of the Civil Code provides, that “ the neighbor who has refused to contribute to the raising of a wall in common, preserves stil a right of'making it a wall in common, by paying to the person who ha¡ made the advance, the half of what he has laid out for its construction,’ according to certain rules laid down in subsequent articles. ■
This Court has maintained the perfect ownership of a party in a wal built solely by himself, and at his individual expense. • See 11 A. 468. :
The testimony is somewhat contradictory. A number of witnesses the majority of them artificers, testify in the case. Some of them sa; .that the building erected by Corlis derives no support from the wall that it rests upon up-rights standing upon the ground; and that it woulc stand erect and firm if the wall were removed. . Others are of the belie that the newly erected fabric derives much support by lateral pressur , against the wall, and would scarcely stand of itself independent of th wall. It seems, from the general tenor of the evidence, that the wall i) question,serves for a side to the upper portion of the building construct® by Corlis, that without the wall it would not be habitable; and as on of the witnesses expressed it: “ without the wall Corlis would have n house at all. ”
The preponderance of the evidence is clearly in favor of plaintiff. 1 satisfies us that the wall is and always has been of great benefit to th defendant. To all intents and purposes he seems to have made it wall in common, and appears now to refuse to pay for the benefit he hs derived from it. ' '
- ¡The very manner and character of the fabric he erected adjacent to tb .¡wall would seem to raise a suspicion that' he aimed to evade the law i t relation to walls in common.
We believe the decree of the ■ District Court to have been proper .¡rendered. -
It is therefore ordered, adjudged and decreed that the judgment of tl District Court be affirmed, with costs in both courts.